## CINCINNATI BUTCHERS' SUPPLY COMPANY v. STEINMETZ.

[No. 5,168. Filed April 5, 1905.]

1. **SALES.**—*Warranty.*—*Breach.*—The sale of a defective refrigerator, on sixty days' trial, warranted to keep meat in good condition three weeks, renders the seller liable for meat damaged therein within such time of trial and prior to such seller's order for the return of such refrigerator, where the buyer gave such seller notice upon discovery of such defect. p. 229.

2. **SAME.** — *Conditional.* — *Warranty.* — *Right of Buyer to Detain for Expenses.*—The buyer of warranted goods purchased conditionally, when such conditions fail, is entitled to detain such goods until his expenses thereon, including cost of storage, are paid. p. 230.

From Miami Circuit Court; *Frank D. Butler,* Special Judge.

Action by the Cincinnati Butchers' Supply Company against George Steinmetz. From a judgment for defendant on his counterclaims, and against plaintiff on its complaint, plaintiff appeals. *Affirmed.*

*Claude Y. Andrews,* for appellant.

*Cox, Reasoner & O'Hara,* for appellee.

BLACK, J.—The appellant shipped from Cincinnati, Ohio, to the appellee at Peru, Indiana, a large refrigerator, upon the written order of the latter, on "sixty-days' trial, guaranteed to keep meat in good condition three weeks, when properly iced," etc. The appellee received the refrigerator, paid the freight, and caused it to be taken to his place of business in Peru, and to be there set up and put in use. Within a short period of use the refrigerator proved to be defective, in that it did not keep meat in good condition, but the meat kept in it soon became so affected that it was necessary to cut off portions of the outside of the pieces of meat, and thereby a loss of the portions so cut off was occasioned. The appellee notified the appellant of the defective condition of the refrigerator, and there were

NOVEMBER TERM, 1904.          229

Cincinnati, etc., Supply Co. *v.* Steinmetz—35 Ind. App. 228.

a number of propositions exchanged by the parties, through letters sent by mail. No agreement having been reached upon any of the propositions, the appellant directed the appellee, by letter, to return the refrigerator. The appellee caused it to be crated and hauled to the railway depot for shipment; but it was not shipped because of failure of the appellant to pay certain expenses, some portions of which the appellant admits to be correct charges against it—being freight and drayage and preparation of the refrigerator for shipment. Thereupon the appellee caused it to be placed in storage at his expense. In an action of replevin brought by the appellant against the appellee, the court trying the cause found against the appellant, and in favor of the appellee, in the sum of $40 for loss of meat occasioned by the defectiveness of the refrigerator, and $36 for expenses incurred by the appellee.

The appellant has not questioned any pleading, or objected to the introduction of any evidence, or denied the right of the appellee to recover because of the nature of the action.

1. The only matter presented here relates to the amount of the appellee's recovery, and the appellant, being content with the form and character of the proceedings in the court below, simply contends that under such a contract of sale on trial, with such a guarantee, the appellee is not entitled to damages for such loss of meat during the trial; and, while admitting that certain charges, amounting to $26.50, were properly allowed against the appellant in the finding, it contends that other items of expense ought not to have been allowed, thereby, in effect, contending that the allowance by the court for expenses was excessive in the sum of $9.50. The appellee appears to have notified the appellant of the defectiveness which caused the loss of meat, immediately upon the discovery thereof, and the whole loss for which damages were allowed accrued before the order for the return of the refrigerator, when negotiations concern-

ing it ended. We are of opinion that such losses were covered by such a warranty.

2. As to the expenses from which the appellant claims exemption, none of them, singly or together, amounted to the difference between those which appellant admits to have been properly allowed and the amount actually allowed by the court, and the finding does not indicate the particular items of expense allowed. We can not determine with needed certainty what items the court allowed in estimating the damages. Among the expenses of which the appellant disapproves were items consisting of charges for removal to the place of storage and for expense of storage, which would, with the items approved by the appellant, exceed the amount allowed by the court. If the appellee might detain the refrigerator until his expenses in preparing it for shipment and removing it to the railway depot, which the appellant admits as correct charges, were paid, as we think he might properly do, then his expense in taking care of the refrigerator as the property of the appellant, thus occasioned, were not improper charges against the appellant.

Disposing of the case as presented here, we find no available error. Judgment affirmed.